## P. A. LACKEY v. JOHN P. CAMPBELL.

Decided March 27, 1901.

**Appeal from Justice Court—Plea of Suit Pending.**

Where plaintiff sued in justice court and defendant pleaded that a suit was then pending in the district court between the same parties which involved the same subject matter, and the plea having been sustained, plaintiff appealed to the county court, and after such appeal the suit in the district court was dismissed, it was error for the county court to sustain the same plea when there interposed by defendant, since the appeal had the effect to dissolve the justice's judgment, and the case was to be tried in the county court de novo upon the law and facts as then existing and applicable.

Appeal from the County Court of Bexar. Tried below before Hon. Peter Jonas.

*J. R. Norton* and *Ed Haltom,* for appellant.

*T. F. Shields,* for appellee.

JAMES, CHIEF JUSTICE.—The action was brought in Justice Court to recover the value of a cow. Defendant Campbell pleaded that a suit was then pending in the District Court between the same plaintiff and defendant which involved the same subject. This plea was sustained, and plaintiff appealed. After the appeal, and before trial in the County Court, the suit in the District Court was dismissed. Defendant interposed the same plea, which was sustained. The reason advanced in support of this ruling is that the matter was jurisdictional, and that the abandonment of the cause which was pending in the District Court, not having been taken until after the appeal from the justice's judgment had been perfected, the County Court had no more power to proceed to judgment than the Justice Court had when it acted.

We are of opinion that the court erred in sustaining the plea. The matter was not jurisdictional. The statute authorizes this character of plea, and if it had not been interposed, and the justice had rendered judgment for plaintiff, there could be no question of the validity of the judgment. If the proceeding on appeal had been revisory merely, the judgment rendered by the justice would have been affirmed, because he committed no error under the conditions that then existed. But on appeal from such judgments the trial is de novo. New issues may be heard and determined. If the plea had not been made before the justice, it could nevertheless have been filed in the County Court. The appeal, when perfected, did not suspend the judgment merely, but dissolved it, and the proceeding in the County Court was, so far as this pleading was concerned, virtually a continuation of the suit.

*Reversed and remanded.*